# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **SHAWN TURNER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NAPLES HMA, LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:22-cv-433**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHAWN TURNER** ("**TURNER**" or "Plaintiff"),

by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.      This is an action brought under Title VII of the Civil Rights Act of 1964

(Title VII), Americans with Disabilities Act (ADAAA) and Florida Civil Right Act

(FCRA) for (1) racial discrimination in violation of Title VII, (2) racial

discrimination in violation of the FCRA, (3) disability discrimination in violation

of the ADA, and (4) disability discrimination in violation of the FCRA.

1

## PARTIES

2.      The Plaintiff, **SHAWN TURNER** ("**TURNER**") is an individual and a resident of Florida who at all material times resided, in Collier County, Florida, and who worked for the Defendant in Collier County, Florida.

3.      Defendant, **NAPLES HMA, LLC** ("Defendant") is a Florida limited liability company. The Defendant employed **TURNER** at one its hospitals located in Collier County, Florida.

4.      At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff currently resides in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

7.      **TURNER** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on May 4, 2022 and the Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.

**GENERAL ALLEGATIONS**

8.      **TURNER** was employed as the Defendant's security supervisor, and began his employment in December 2013.

9.      **TURNER** always performed his assigned duties in a professional manner and was very well qualified for his position.

10.     **TURNER** is a black male and as such is a member of a protected class.

11.     Beginning in February 2021, **TURNER** began to be subjected to discrimination because of his race.

12.     More specifically, on February 24, 2021, the Defendant falsely accused **TURNER** of not paying for a breakfast meal in the cafeteria.

13.     However, **TURNER** is a qualified person with a disability because he has impairments of his gastrointestinal system that affect his ability to process food and his ability to work (when not in remission), all of which his supervisor was aware of.

14.     Because of his disability, **TURNER** usually cooked his own breakfast at home and ate it in the cafeteria.

15.     **TURNER** usually did not buy breakfast from the cafeteria, which was well-known to his supervisor.

16.     Nevertheless, **TURNER**'s supervisor desired to replace him with a person outside of his protected class.

17.    To do so, the supervisor falsely accused **TURNER** of stealing food from the cafeteria when he was seen consuming food prepared in the cafeteria.

18.    However, **TURNER** had purchased the food that day because he had been running late and did not have time to prepare his breakfast at home as he usually would have.

19.    **TURNER** provided evidence showing he had paid for his breakfast but the Defendant ignored the same and terminated him for pretextual reasons before indeed replacing him with someone who was not black and/or did not have a disability.

20.    The Defendant refused to speak to the kitchen staff to verify that no food was stolen, and the Defendant took no investigative measures, which would have confirmed that **TURNER** did not steal any food items.

21.    **TURNER**'s supervisor knew that at least two (2) Caucasian employees entered the cafeteria almost daily and took items such as chips and soda without paying for the same, but neither suffered any adverse employment action.

22.    Prior to being subjected to race discrimination, **TURNER** was not the subject of any write-ups or discipline.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACIAL DISCRIMINATION

23.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24.     **TURNER** is an African-American male and as such, is a member of a protected class.

25.     At all material times, **TURNER** was an employee and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

26.     **TURNER** was, and is, qualified for the positions that he held with the Defendant.

27.     **TURNER** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of his employment.

28.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **TURNER**'s race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

29.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **TURNER** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

30.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **TURNER** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

31.     As a direct and proximate result of the Defendant's actions, **TURNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

32.     **TURNER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.   Punitive damages;

vi.   Compensatory damages, and;

vii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RACIAL DISCRIMINATION

33.   Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

34.   **TURNER** is an African-American male and as such, is a member of a protected class.

35.   At all material times, **TURNER** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

36.   **TURNER** was, and is, qualified for the positions that he held with the Defendant.

37.   **TURNER** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of his employment.

38.   The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **TURNER**'s race in violation of the FCRA.

39.   As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **TURNER** has lost benefits and privileges of his

employment and has been substantially and significantly injured in his career path.

40.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **TURNER** is entitled to all relief necessary to make him whole as provided for under the FCRA.

41.     As a direct and proximate result of **NAA**'s actions, **TURNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

42.     **TURNER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred

        as a result of Defendant's actions;

v.      Reasonable attorney's fees plus costs;

vi.     Punitive damages;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

43.     The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this

Count by reference as though fully set forth below.

44.     At all relevant times, **TURNER** was an individual with a disability

within the meaning of the ADAAA.

45.     Specifically, **TURNER** has physical impairments that substantially

limit one or more major life activities and bodily functions, has a record of the

impairment, and is regarded by the Defendant as having such impairments.

46.     **TURNER** is a qualified individual with disabilities as that term is

defined in the ADAAA.

47.     **TURNER** is an individual who, with or without reasonable

accommodation, at all relevant times could perform the essential functions of the

job with Defendant.

48.     At all material times, **TURNER** was an employee and Defendant was his employer covered by and within the meaning of the ADAAA.

49.     Defendant was made aware and was aware of **TURNER**'s disabilities, which qualify under the ADAAA.

50.     Defendant discriminated against **TURNER** with respect to the terms, conditions, and privileges of employment because of his disabilities.

51.     Defendant conducted itself with malice or with reckless indifference to **TURNER**'s federally protected rights.

52.     Defendant discriminated against **TURNER** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

53.     The conduct of Defendant altered the terms and conditions of **TURNER**'s employment and **TURNER** suffered negative employment action in the form of discipline and termination.

54.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **TURNER** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

55.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against him, **TURNER** is entitled to all relief necessary to make him whole.

56.     As a direct and proximate result of the Defendant's actions, **TURNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57.     **TURNER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages;

vi.     Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

58.     The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

59.     At all relevant times, **TURNER** was an individual with a disability within the meaning of the FCRA.

60.     Specifically, **TURNER** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

61.     **TURNER** is a qualified individual with disabilities as that term is defined in the FCRA.

62.     **TURNER** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his own job with Defendant.

63.     At all material times, **TURNER** was an employee and Defendant was his employer covered by and within the meaning of the FCRA.

64.     Defendant was made aware and was aware of **TURNER**'s disabilities, which qualify under the FCRA.

65.     Defendant discriminated against **TURNER** with respect to the terms, conditions, and privileges of employment because of his disabilities.

66.     Defendant conducted itself with malice or with reckless indifference to **TURNER**'s protected rights under Florida law.

67.     Defendant discriminated against **TURNER** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

68.     The conduct of Defendant altered the terms and conditions of **TURNER**'s employment and **TURNER** suffered negative employment action in the form of discipline and termination.

69.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **TURNER** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

70.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **TURNER** is entitled to all relief necessary to make him whole.

71.     As a direct and proximate result of the Defendant's actions, **TURNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72. **TURNER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.    Compensatory damages;

vi.   Punitive damages, and;

vii.  Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHAWN TURNER**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: July __, 2022      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com